IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DALE C. SHACKELFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  CV05-29-S-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| GREG FISHER, Warden at IMSI, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

Pending before the Court is the review of Plaintiff's Amended Complaint
(Docket No. 8) to determine whether it is subject to summary dismissal.  *See* 28
U.S.C. §§ 1915(e).  After reviewing the Amended Complaint, the Court has
determined that Plaintiff will be allowed to proceed on his equal protection claims
and an access to courts claim against Defendant Fisher.  Plaintiff will not be
authorized to proceed on the remaining claims.

**REVIEW OF COMPLAINT**

**Due Process Claim**

Plaintiff asserts that because he was entitled to certain privileges while on
"Death Row," and because the prison published "grandfather rights" directives or

**ORDER  1**

memoranda indicating that prisoners sentenced to death would retain those privileges, his Fourteenth Amendment due process rights have been violated. Specifically, he wishes to have a telephone and a light switch in his cell.

Plaintiff asserts that the grandfather rights directives or memoranda amount to a state-created liberty interest under the Fourteenth Amendment.  Plaintiff's reliance on the "liberty interest" analysis set forth in *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995) is misplaced.  In *Sandin*, the Supreme Court held that a state-created liberty interest is not protected by due process unless the type of restraint or punishment "imposes atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." *Id.*  Not having one's own telephone or light switch does not impose an atypical or significant hardship on Plaintiff. *Cf. Valdez v. Rosenbaum*, 302 F.3d 1039, 1044 & 1044 n.3 (9th Cir. 2002) (pretrial detainee did not have a liberty interest in telephone usage, noting that Sandin curtailed the "state-created liberty interest" test for convicted inmates and instead adopted the "atypical and significant hardship" test).  Accordingly, Plaintiff's procedural due process claim is dismissed for failure to state a claim upon which relief can be granted.

Plaintiff is advised that his claim is more appropriately categorized as a

**ORDER  2**

substantive due process[1] or cruel and unusual punishment claim.[2]  The Supreme

Court has instructed the federal courts that, whenever possible, they should analyze

constitutional claims using an "explicit textual source of constitutional protection,"

such as the Fourth Amendment, rather than using "the more generalized notion of

'substantive due process.'"  *Graham v. Connor*,  490 U.S. 386, 395 (1989).

Accordingly, *Graham* dictates that Plaintiff's claim is more appropriately

construed as an Eighth Amendment claim, rather than a Fourteenth Amendment

substantive due process claim.

The lack of a personal telephone does not give rise to an Eighth Amendment

violation.  Similarly, the lack of a personal light switch is not actionable, although

an unreasonable exposure to bright lights may state a claim.  Plaintiff is not

asserting unreasonable exposure to bright lights, but is simply expressing his

dissatisfaction with being unable to control the lights in his cell.  Plaintiff has

---

[1]Compare, for example, *Wolff v. McDonnell*, 418 U.S. 539, 558-66 (1974) (a *procedural* due process argument is that a purported liberty interest can be taken if the state follows the right procedures), with *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988) (a *substantive* due process argument is that the State may not take certain rights, no matter how much process is afforded).

[2]To state a claim under the Eighth Amendment, Plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Plaintiff must also show that Defendants were deliberately indifferent to the substantial risk of serious harm.  Deliberate  indifference exists when an official knows of and disregards a condition posing a substantial risk of serious harm or when the official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws the inference. *Id.,* 511 U.S. at 837.

**ORDER  3**

failed to state cruel and unusual punishment claims, and, therefore, this claim is dismissed.

### Disparity of Property between Different Male Housing Units

Plaintiff claims that there is a disparity in the type of property the prisoners may possess, depending upon their housing assignments.  He asserts that this is an equal protection violation.  Plaintiff may proceed on this claim, but he will have to show that (1) he is housed in one of the units that he asserts is being treated unequally, (2) that he is similarly situated to the inmates in the unit he is using for comparison; and (3) that there is no rational basis for the disparate treatment.  *See More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993).  State action is presumed constitutional and "will not be set aside if any state of facts reasonably may be conceived to justify it."  *McGowan v. Maryland*, 366 U.S. 420, 426 (1961).  Where a case "does not rise to the level of invidious discrimination proscribed by the Equal Protection Clause. . . , the federal courts should defer to the judgment of the prison officials."  *More*, 984 F.2d at 272.

Based on the foregoing, Plaintiff may proceed on his assertion that prisoners sentenced to death are being treated disparately without a rational basis.  The only Defendant who allegedly has personally participated in the decisions regarding the disparate treatment of Plaintiff is Defendant Fisher.  Plaintiff has failed to allege

**ORDER  4**

the personal participation of Defendants Tibbs, Nielson, or Meline in the decisions,

and, therefore, Plaintiff is not authorized to proceed against these Defendants at

this time.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)(plaintiff must

demonstrate either that a defendant personally participated in the alleged civil

rights violation, or that, as a supervisor, he directed, or knew of and failed to

prevent, the violation).

**Disparity Between Items Provided to Male and Female Prisoners**

Under the equal protection principles cited above, Plaintiff may also proceed

on his claims that Defendants provide female prisoners with items such as thermal

undergarments, pillows, and pillow cases free of charge, and that Defendants

charge male prisoners for such items.  He may also proceed against Warden Fisher

on his charge that female prisoners are entitled to more privileges than male

prisoners.

**Access to Courts Claims**

**A.      Post-Conviction Claim**

Plaintiff alleges that he was denied access to the courts and "sustained actual

injury" to his efforts to pursue and /or prosecute nonfrivolous claims related to his

conviction.  He asserts that these injuries are not related to the fact or duration of

his confinement because the case in which he suffered injury has been set aside in

**ORDER  5**

post-conviction relief.

It appears that Plaintiff is alleging that he and his post-conviction counsel

disagreed as to which claims to include in his post-conviction action.  His counsel

filed one brief, and Plaintiff filed another.  Plaintiff asserts that the prison denied

him the legal research necessary to properly prepare his brief.  Plaintiff alleges that

the state court would not allow him to file a second addendum to the third amended

petition for post-conviction relief, and failed to consider the merits of the claims.

In order to determine whether *Heck v. Humphrey*, 512 U.S. 477 (1994)[3]

would act as a bar to this claim, the Court must consider the pleadings and papers

filed in the post-conviction action.  In addition, Plaintiff must show that he

suffered an actual injury in the state court post-conviction proceeding.  The Court

will preliminarily allow Plaintiff to proceed with this claim against Warden Fisher,

but Plaintiff is advised that it may be subject to dismissal under *Heck v. Humphrey*

or through a failure to show actual injury.

---

[3]In *Heck v. Humphrey*, the Supreme Court held that, where a favorable verdict in a civil
rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first
prove that the conviction or sentence has been reversed on direct appeal, expunged by executive
order, declared invalid by a state tribunal authorized to make such determination, or called into
question by a federal court's issuance of a writ of habeas corpus.  *Id.*   As a result, "a claim for
damages bearing that relationship to a conviction or sentence that has not been so invalidated is
not cognizable under § 1983." *Id.*

**ORDER  6**

## 2.   Typewriter Claim

Plaintiff asserts that he wanted to file a small claims action against a

company that sold him defective typewriter cartridges that allegedly broke his

typewriter.  Defendants allegedly refused to allow him to repair the typewriter.  He

claims that when he obtained a small claims court complaint package, it contained

information stating that subpoenas and affidavits must be typed.  He states that he

could not serve the defendant in the small claims action, and that, therefore, he was

denied access to the state court.

Inmates have a constitutional right to access the courts.  *Bounds v. Smith*,

430 U.S. 817, 97 S. Ct. 1491 (1977).  To show violation of such a right, Plaintiff

must demonstrate that he suffered an actual injury due to non-access.  *Lewis v.*

*Casey*, 518 U.S. 343, 116 S. Ct. 2174 (1996).  To show actual injury, an inmate

must demonstrate that a nonfrivolous legal claim has been frustrated or is currently

being impeded.  *Id*., 518 U.S. at 353, 116 S. Ct. at 2180.  The issue of actual injury

is a standing requirement, which affects the subject matter jurisdiction of the Court

to hear the action.  *Id*., 518 U.S. at 349, 116 S. Ct. at 2179.  Further, the *Lewis*

Court noted that the right to access the court as set forth in *Bounds* applies to only

a limited type of cases:  direct appeals from criminal convictions, collateral relief

petitions, and civil rights actions regarding prison conditions.  *Id*., 518 U.S. at 354,

**ORDER  7**

116 S. Ct. at 2180-81.  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Id.*, 518 U.S. at 355, 116 S. Ct. at 2182.

Because Plaintiff's small claims court action is not one of those for which there is constitutional protection, he will not be allowed to proceed with this First Amendment claim.

### 3.     Commissary Surcharge

Plaintiff also alleges that the ten percent surcharge on prison commissary items such as envelopes, postage, pens, and typing paper amounts to a denial of access to the courts.  He alleges that it is "akin to placing a (10%) toll booth at the entrance of every Courthouse and law office."  Complaint, p. 33.

The Court is unaware of any prisoner civil rights case in which a surcharge on commissary items for non-indigent inmates has been found to rise to the level of a constitutional rights violation.  The cases in which inmates have been authorized to proceed with these types of claims involve indigent inmates who were denied access to legal supplies.  *See, e.g., Gluth v. Kangas*, 773 F. Supp. 1309, 1314 (D. Arizona 1990)(prison's indigency policy was unacceptable because it forced inmates to choose between purchasing essential hygienic supplies and essential legal supplies).  Accordingly, this claim is subject to dismissal.

**ORDER  8**

**Interference with Attorney**

Finally, Plaintiff claims that the attorney-client visiting area contains listening devices for covert monitoring of attorney-client communications.  He further alleges that he is being denied meaningful access to his counsel because he must sit behind a partition and be chained to the floor while meeting with his attorney.

Restrictions on a detainee's ability to contact his attorney in his criminal matter, and which are not for security or other legitimate reasons, can violate the Sixth Amendment right to counsel. *Tucker v. Randall*, 948 F.2d 388, 390-91 (7th Cir.1991); *Martin v. Tyson*, 845 F.2d 1451, 1458 (7th Cir.1988), *cert. denied*, 488 U.S. 863, 109 S. Ct. 162 (1988).  This right is "subject to rational limitations in the face of legitimate security interests of the penal institution." *Hutchings v. Corum*, 501 F. Supp. 1276, 1296 (W.D. Mo.1980) (citing  *Bell v. Wolfish*, 441 U.S. 520, 99 S. Ct. 1861 (1979)).  If the limitations on access are reasonable, there is no first amendment violation.  *Johnson v. Galli*, 596 F. Supp. 135, 138 (D. Nev. 1984).

It appears that the alleged monitoring of attorney-client conversations adequately sets forth a Sixth Amendment violation, but requiring inmates to sit behind a partial partition in order to meet with their attorneys does not give rise to a Sixth Amendment violation.

**ORDER  9**

**Conclusion**

Plaintiff may proceed on his claims only as outlined above.  Plaintiff should

be aware that authorization to proceed at this point does not guarantee the claims

have merit, but it is merely an initial assessment of the facial validity of his

allegations.  Therefore, Plaintiff's claims may be subject to dismissal through

pretrial motions.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the named Defendant

shall be allowed to waive service of summons by executing, or having his counsel

execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d)

and returning it to the Court within thirty (30) days.  If Defendant chooses to return

the Waiver of Service of Summons, the answer or pre-answer motion shall be due

in accordance with Rule 12(a)(1)(b).  Accordingly, the Clerk of Court shall

forward a copy of the Amended Complaint (Docket No. 8), a copy of this Order,

and a Waiver of Service of Summons to the following counsel:  Timothy McNeese,

Deputy Attorney General, Idaho Department of Correction, 1299 North Orchard,

Ste. 110, Boise, Idaho 83706 on behalf of Defendant Fisher.

**ORDER  10**

DATED:  **August 23, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  11**